PIETRI, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de un expediente de dominio.

No. 172.—Resuelto en marzo 30, 1914.

EXPEDIENTE DE DOMINIO—CITACIÓN A LAS PERSONAS IGNORADAS—TÉRMINO SUFICIENTE—DEBIDO PROCEDIMIENTO DE LEY.—El término de 60 días que marca la sección 6 de la Orden Judicial de abril 4, 1899, enmendando el artículo 395 de la Ley Hipotecaria, para la admisión de las pruebas, rige también para la citación de las personas ignoradas a quienes pueda perjudicar la inscripción que se solicita en virtud de un expediente de dominio, es suficiente y no puede estimarse contrario a la cláusula constitucional del debido procedimiento de ley. Véase el caso de *Damers et al.* v. *El Registrador,* resuelto en marzo 30, 1914.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo contra nota del Registrador de la Propiedad de San Germán, negándose a inscribir cierto expediente de dominio aprobado por la Corte de Distrito de Mayagüez.

Agustín Pietri Rodríguez presentó en la expresada corte de distrito una solicitud para acreditar su dominio sobre tres fincas rústicas, adquirido por título de compra en los años de 1891 y 1894. Se dió a la solicitud la tramitación que marca la ley, y, oídas las pruebas, la corte, el 4 de noviembre de 1913, declaró justificado el dominio. Firme la resolución de la corte, se expidió copia certificada de la misma, se presentó para su inscripción en el Registro de la Propiedad de San Germán y el registrador se negó a inscribirla por medio de la siguiente nota:

"No ADMITIDA la inscripción del precedente documento que se ha solicitado en cuanto a la finca descrita bajo la letra B, por el defecto de no haberse hecho la citación por edictos durante el término que determinan los apartados 2 y 3 del artículo 395 de, la vigente Ley Hipotecaria; y tomada en su lugar anotación por *ciento veinte días* al folio 1 del tomo 14 del Ayuntamiento de Sabana Grande, finca número 731, anotación letra A. San Germán, enero 12 de 1914."

Vista la negativa del registrador, el peticionario acudió de nuevo a la Corte de Distrito de Mayagüez y obtuvo que dicha corte, por resolución de 19 de enero de 1914, declarase que no obstante haberse consignado en los edictos publicados que las personas que quisieran oponerse a la solicitud, lo hicieran en un plazo de sesenta días, era lo cierto que habían transcurrido más de ciento ochenta días a partir de su publicación sin que ninguna persona se hubiere opuesto, ni existiera reclamación alguna en contra de la solicitud.

Acompañada de copia certificada de la resolución· de 19 de enero de 1914, presentó otra vez el peticionario su declaración de dominio en el registro y el registrador se negó a inscribirla, por medio de la siguiente nota contra la cual se interpuso el presente recurso gubernativo.

"No ADMITIDA la inscripción del precedente documento por lo que respecta a las fincas descritas con las letras A y C, que ha sido solicitada con vista de otros documentos *por el defecto de no haberse hecho la citación por edictos durante el término que expresan los apartados 2°. y 3°. del artículo 395 de la vigente Ley Hipotecaria,* tomándose en su lugar anotaciones por ciento veinte días a los folios 6 y 10 del tomo 14 del Ayuntamiento de Sabana Grande, fincas números 732 y 733, respectivamente, anotaciones letras A; y NO ADMITIDA tampoco la conversión solicitada en virtud de los propios documentos,. de la anotación tomada por lo que respecta a la finca letra B, por *subsistir el defecto que la produjo,* sin que se practique anotación por haberse ya verificado, con fecha 12 de enero último, al folio 1 del tomo 14 del Ayuntamiento ˙de Sabana Grande, finca No. 731, anotación letra A.   San Germán, febrero 3 de 1914."

En su informe a este Tribunal Supremo, el registrador sostiene su negativa alegando como única razón para ello que no se cumplió en la tramitación del expediente con lo ordenado por la Ley Hipotecaria en su artículo 395, números 2 y 3, y a que no se convocó a las personas a quienes pudiera perjudicar la inscripción solicitada por el término de ciento ochenta días, sino por el de sesenta.

La sección 6 de la Orden Judicial de 4 de abril de 1899, dice así: "El plazo de ciento ochenta días fijado en el artículo 395 de la Ley Hipotecaria para la admisión de las pruebas en los expedientes que se instruyan para justificar la adquisición de un inmueble con el fin de inscribir el dominio,. se entenderá de sesenta días naturales."

Dicha sección 6 se ha interpretado siempre por los tribunales en el sentido de que la citación a las personas ignoradas a quienes pueda perjudicar la inscripción de dominio solicitada, debe hacerse por el término de sesenta días y

no por el de ciento ochenta, pues de otro modo resultaría su aplicación absurda. El término de sesenta días es suficiente y no puede estimarse contrario a la cláusula constitucional del debido procedimiento de ley. El artículo 95 del Código de Enjuiciamiento Civil fija como mínimo el término de un mes para la citación por edictos de un demandado residente fuera de la Isla, o ausente de ella.

A partir de la promulgación de la Orden Judicial de 4 de abril de 1899 se han tramitado en los tribunales de Puerto Rico cientos de expedientes de dominio en la forma en que se hizo en este caso y muchos de ellos han debido inscribirse en el Registro de la Propiedad de San Germán por el mismo actual registrador sin dificultad alguna. El cambio de criterio de este funcionario se debe sin duda a la interpretación que ha dado a la decisión del Tribunal Supremo de los Estados Unidos en el caso de *Ochoa* v. *Hernández,* 230 U. S., 139, y a este respecto invocamos y aplicamos a este caso todo lo que hemos expuesto y establecido en nuestra opinión emitida para fundamentar nuestra resolución en el de *Damers y Kuenzli* v. *El Registrador de San Juan,* decidido en el día de hoy.

Debe declararse con lugar el recurso y revocarse la nota recurrida.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.